IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| ORANGE LAKE COUNTRY CLUB, INC., and OLCC SOUTH CAROLINA, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLES HENRY WILLIAMS d/b/a, TIMESHARE LEGAL COUNSEL, d/b/a TIMESHARE COUNSEL, d/b/a TIMESHARELEGALCOUNSEL.COM, d/b/a TIMESHARECOUNSEL.COM; GLENDA WILLIAMS; and JOHN DOES 1--5,<br><br>Defendants. | Case No. 4:11-CV-01202-RBH<br><br><br>**ORDER FOR ENTRY OF DEFAULT JUDGMENT AND AWARD OF ATTORNEYS' FEES AND OTHER COSTS** |

THIS MATTER COMES BEFORE THE COURT upon Motion of the Plaintiffs, Orange Lake Country Club, Inc. and OLCC South Carolina, LLC. ("Plaintiffs"), for an Order, pursuant to Federal Rules of Civil Procedure 54(d) and 55(b)(2), for an entry of judgment by default in favor of Plaintiffs and against Defendant Charles Henry Williams, d/b/a Timeshare Legal Counsel, d/b/a Timeshare Counsel, d/b/a Timesharelegalcounsel.com d/b/a Timesharecounsel.com ("Charles Williams") and Defendant Glenda Williams (Glenda Williams).

Plaintiffs' Motion is based upon Plaintiffs' Motion For Entry of Default Judgment and Award of Attorneys' Fees and Other Costs, Amendment[1] to Motion For Entry of Default Judgment and Award of Attorneys' Fees and Other Costs, the Declaration of Cherie W. Blackburn In Support of Motion For Entry of Default Judgment and Award of Attorneys' Fees

---

[1] Plaintiffs have withdrawn their request for actual damages. (Docket Entry # 13).

and Other Costs (the "Blackburn Declaration"), Plaintiffs' Memorandum of Costs, and the Amended Complaint filed in this case.

WHEREFORE, THIS COURT FINDS THAT:

1. Defendant Charles Williams was properly served with a copy of the Summons and the Complaint. Additionally, Charles Williams was served with a copy of the Amended Complaint. Despite such service, Charles Williams has failed to respond to the Complaint or to otherwise appear or make any effort whatsoever to defend against Plaintiffs' claims, despite his acknowledged awareness of the pendency of this action.

2. Defendant Glenda Williams was properly served with a copy of the Summons and the Amended Complaint. Despite such service, Glenda Williams has failed to respond to the Complaint or to otherwise appear or make any effort whatsoever to defend against Plaintiffs' claims, despite her acknowledged awareness of the pendency of this action.

3. The Clerk of the Court previously entered a default on June 27, 2011, pursuant to Rule 55(a). Defendants have made no attempt to seek to set aside the default or to otherwise defend this action.

4. Plaintiffs are entitled to an award of Plaintiffs' costs as permitted by (i) S.C. Code Ann. §39-5-140 as a result of Defendants' unfair and deceptive acts and practices in the conduct of trade and commerce and unfair competition, and also as permitted by (ii) Defendants' misappropriation of trade secrets in violation of the South Carolina Uniform Trade Secrets Act.

5. Plaintiffs' verified Memorandum of Costs establishes that costs in the amount of at least $575.84 have been incurred by Plaintiffs in connection with the prosecution of this action.

6. A finding of willful, deliberate, malicious and fraudulent conduct has been established in the instant case.

7. Plaintiffs are entitled to an award of attorneys' fees as permitted by (i) S.C. Code Ann. §39-5-140 as a result of Defendants' unfair and deceptive acts and practices in the conduct of trade and commerce and unfair competition, and as permitted by (ii) South Carolina Code Ann. §39-8-80 as a result of Defendants willful misappropriation of trade secrets in violation of the South Carolina Uniform Trade Secrets Act.

8. The attorneys' fees, as evidenced in and supported by the Blackburn Declaration, are reasonable because Plaintiff's have shown that the time and labor expended on the case was necessary given the difficulty of the questions raised and the time necessary to obtain the factual information to support the claims set forth in the Complaint; the skill required to properly perform the legal services rendered; the customary fee charged for the work performed; the attorneys' expectations at the outset of the litigation; the time limitations imposed by the circumstances of needing to prevent Plaintiff from infringing; the need for injunctive relief; and the experience reputation and ability of the attorneys and paralegal working on this matter; as well as other factors.

9. The Declaration of Cherie Blackburn, counsel for Plaintiffs establishes that the amount of attorneys' fees expended by Plaintiffs to date in prosecuting this case is in the minimum amount of $13,706.50.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Judgment be entered against Defendants, jointly and severally, in the amount of $14,282.34, which amounts to:
   a. $575.84 in costs; and
   b. $13,706.50 in attorneys' fees.
2. That the entire sum of the judgment bear post-judgment interest from the date of entry of the judgment until paid in full, at a minimum of the legal rate for judgments.
3. That the Defendants, their agents, servants, employees and persons acting in concert or participation with Defendants, be permanently restrained and enjoined from:
   a. engaging in unfair and deceptive acts and practices in the conduct of trade and commerce pursuant to S.C. Code Ann. §39-5-140;
   b. using, disclosing or misappropriating Plaintiffs' trade secrets, including, but not limited to, information regarding its time share owners;
   c. making defamatory comments regarding Plaintiffs, its principals and its properties;
   d. intentionally interfering with Plaintiffs' contracts and prospective contractual relations with its owners and buyers;
   e. encouraging individuals to file claims against Plaintiffs, either in courts, with state or federal agencies or otherwise;
   f. falsely claiming that Defendants have filed a class action against Plaintiffs or that Defendants have obtained settlements with Plaintiffs;
   g. contacting Plaintiffs' owners, buyers and potential buyers and soliciting and encouraging them to terminate their relationships with Plaintiffs; and

4

      h. inducing, assisting, or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

4. That a declaratory judgment be entered against Defendants holding Defendants liable for willfully, intentional and maliciously violating SC Code Ann. §39-5-20 and for willfully misappropriating trade secrets in violation of the South Carolina Uniform Trade Secrets Act.

5. That Defendants permanently destroy the following:

      a. any and all brochures, pamphlets, advertisements and other writings and documents in the possession of the Defendants that contain defamatory statements regarding Plaintiffs;

      b. any and all documents that encourage or solicit owners, buyers or potential buyers to discontinue their relationship with Plaintiffs or to terminate their contract with Plaintiffs or to refrain from entering into a relationship with Plaintiffs;

      c. any and all communications and documents that contain, disclose, use or were created using Plaintiffs' trade secrets;

6. That the Defendants remove all statements from their web sites regarding Plaintiffs and their properties, including, but not limited to those web sites at www.timesharecounsel.com and www.timesharelegalcounsel.com.

BE IT SO ORDERED.

ENTERED this 30th day of August, 2011

                                      s/ R. Bryan Harwell
                                      Judge R. Bryan Harwell
                                      United States District Court Judge